■ LONG BEACH HOUSING AUTHORITY, Respondent, v LEW CHEW SOON CORP. et al., Respondents, and KINGS PARK BUTCHER SHOP, INC., Appellant. — In a condemnation proceeding, the appeal is from an order of the Supreme Court, Nassau County (Farley, J.), entered January 2, 1981, which denied the motion of appellant Kings Park Butcher Shop, Inc., to compel the petitioner to make an offer and advance payment pursuant to EDPL 303 and 304. Order affirmed, without costs or disbursements. At issue on this appeal is the priority of competing liens and, specifically, whether the "first in time, first in right" rule applies in determining the relative priority of a Department of Housing and Urban Development (HUD) mortgage and a county tax lien. In 1972 the property in question was purchased with the aid of a mortgage taken by the National Bank of North America and insured by the Federal Housing Administration (FHA). In February, 1974 the owner went into default on the mortgage and, shortly thereafter, fell into arrears in the payment of Nassau County real estate taxes. On June 27, 1974 the bank assigned the mortgage to HUD. The assignment was recorded the following day. Three days later, on July 1, 1974, a tax lien attached against the property for the county taxes owing for the second half of 1974. The tax lien was sold to one Pauline E. Thurlow on February 13, 1975. On March 10, 1976, in the United States District Court for the Eastern District of New York, HUD, FHA's successor, commenced a foreclosure action. The owner of the property was made a party to the action; Ms. Thurlow and the County of Nassau were not. On November 24, 1976, Ms. Thurlow gave HUD statutory notice, pursuant to subdivision 2 of section 1024 of the Real Property Tax Law, that she had purchased the property at a tax sale and that, unless HUD redeemed the property by paying the taxes due within six months, its mortgage would be deemed satisfied. HUD made no response to this notice. On August 8, 1977 HUD obtained a judgment of foreclosure and sale. At the foreclosure sale, the United States was the high bidder and, on September 28, 1977, was deeded the property. Thereafter, on November 23, 1977, Nassau County executed a tax deed to Ms. Thurlow who, on March 28, 1979, purported to convey the property to appellant Kings Park Butcher Shop, Inc. On August 10, 1979 the United States likewise purported to convey the same property to the petitioner. This condemnation proceeding was thereupon commenced to have title in the property and in adjoining parcels vest in the petitioner. As a named party to the proceeding, the appellant moved pursuant to EDPL article 3, for an order requiring the petitioner to make an offer and advance payments to it. Special Term denied the motion, "on the ground that [the appellant] did not have title to the property acquired by the petitioner". We now affirm. The appellant contends that, although HUD's mortgage lien on the property predated the tax lien by three days, it should not have been accorded priority because the provisions of article 10 of the Real Property Tax Law supersede the usual rule of "first in time, first in right". That article provides that a county may sell a parcel of real property when the taxes thereon are delinquent, and that the grantee is vested with an absolute estate in fee, subject only to (1) governmental claims for taxes, liens or other encumbrances, (2) all easements, and (3) right of redemption by any mortga-

gee. Thus, pursuant to section 1024 of the Real Property Tax Law, a prior mortgagee of property which is scheduled to be sold for delinquent taxes is entitled to notice of the tax sale, and to the opportunity to redeem the property by paying the unpaid taxes within six months of the filing of the notice with the county treasurer. If the mortgagee fails to redeem, "the sale and conveyance [of the property] shall become absolute and the mortgagee and all other persons claiming title by virtue of any mortgage [are] barred from redemption forever" (Real Property Tax Law, § 1024, subd 1). Moreover, "[i]f redemption is not made * * * the mortgage shall be deemed to have been satisfied of record at the time of such sale" (Real Property Tax Law, § 1024, subd 2). In the case at bar HUD received due notice of the tax sale and of its right to redeem. It took no action. Appellant contends that, consequently, HUD's mortgage must be deemed satisfied as of the date of the tax sale. We disagree. The priority accorded to a lien held by the United States or its agents is controlled, not by State law, but by Federal law (see *United States v Kimbell Foods,* 440 US 715, 727). Federal law provides, for example, that statutory tax liens held by the United States must be accorded priority according to the rule of "first in time, first in right", and thus such liens may yield even to nonfederal liens provided they are both choate and first in time (see *United States v Kimbell Foods, supra,* at pp 720-721; *United States v Pioneer Amer. Ins. Co.,* 374 US 84; *United States v Security Trust & Sav. Bank,* 340 US 47). On the other hand, it has been held that, where the United States has acquired a lien while acting in the capacity of a commercial lender, and where no specific Federal statute applies, a nondiscriminatory State law may be deemed to control depending upon (1) whether there is a need for a "nationally uniform body of law" to control the particular Federal program, (2) "whether application of state law would frustrate specific objectives of the federal programs", and (3) "the extent to which application of a federal rule would disrupt commercial relationships predicated on state law" (see *United States v Kimbell Foods, supra,* at pp 728-729, 740). In the case at bar, no evidence was adduced as to these factors. Nevertheless, in *United States v Scholnick* (606 F2d 160), the court refused to apply State law in a foreclosure action involving a mortgage insured by HUD and later assigned to HUD upon default. Application of the local law, which would have given a second mortgagee the right of redemption, was rejected because HUD mortgages (formerly known as FHA mortgages) were not negotiated on an individual basis in conformance with State law, but, rather, were governed by terms of a standard form used nationwide. Scholnick, therefore, strongly suggests that article 10 of New York's Real Property Tax Law should likewise not be applied as against HUD in the case at bar. Moreover, as it read at the time Ms. Thurlow purchased the tax lien, subdivision 1 of section 1020 of the Real Property Tax Law, provided that the purchaser at a county tax sale took subject to liens and encumbrances held by the State.\* Thus, such liens and encumbrances were afforded a preference over those held by others including the United States. The statute, therefore, cannot be deemed nondiscriminatory. Accordingly, Special Term correctly declined to apply the provisions of article 10 of the Real Property Tax Law and properly held that the dispute at bar should be resolved according to the rule of "first in time, first in right". And, since HUD acquired its lien prior to the date upon which the county tax lien attached, the court properly denied the appellant's motion. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur. [107 Misc 2d 1037.]

---

\* The statute has since been amended to give a similar preference to liens and encumbrances held by a county, town, city or village (see L 1979, chs 700, 701).